IN THE CIRCUIT COURT DIVISION OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
Civil Division

WILSON WITHCHARD,

    Plaintiff,

v.                              Case Number 14-002751-CI

NCO FINANCIAL SYSTEMS, INC.

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, sues Defendant, and further alleges as follows:

1. The Plaintiff a resident of Pinellas County, Florida and domiciled therein.

2. Upon information and belief, Defendant is believed to be a foreign corporation doing business throughout the State of Florida, including Pinellas County. All material events occurred in Pinellas County, Florida with respect to the Plaintiff.

3. The underlying civil action contains an amount above $15,000.00.

4. This court has jurisdiction.

5. This civil action is premised upon violations of Chapter 559 of the Florida Statutes as well as violations of the Fair Debt Collection Practices Act.[1]

## GENERAL ALLEGATIONS

---

[1] Plaintiff reserves the right to amend this complaint to include a claim under 47 U.S.C. 227, based upon calls Defendant made to Plaintiff's cell phone, which, upon information and believe were made with an automated telephone dialing system and without consent.

6. Plaintiff re-alleges and incorporates paragraphs one through five as if stated fully herein.

7. Defendant is a debt collector or "person" as defined by the statute with regards to trying to collect the alleged consumer debt that underlies this cause of action.

8. Plaintiff disputed the alleged debt on January 27, 2014. In fact, Plaintiff instructed Defendant to no longer contact him, but instead to contact his legal representative.

9. Notwithstanding Plaintiff's cease and desist, Defendant continued to contact Plaintiff on at least February 21, 2014, at which point in time Defendant acknowledged receiving Plaintiff's cease and desist letter referenced above. Additionally, Defendant contacted Plaintiff again on March 16, 2014, all in regards to the very same alleged debt.

10. Thus, Defendant received Plaintiff's cease and desist, refused to heed Plaintiff's cease and desist and intentionally circumvented Plaintiff's lawful instructions by continuing to contact Plaintiff in person, as opposed to contacting Plaintiff's attorney on at least February 21, 2014 and March 16, 2014. Defendant's conduct in this regard was willful, wanton and malicious and in total disregard of Plaintiff's rights.

11. Defendant owed the Plaintiff a duty of good faith and fair dealing in Defendant's attempt to collect a debt.

12. Defendant is both a furnisher of information as well as a debt collector under Chapter 559, Florida Statutes and also 15 U.S.C. 1601.

13. Defendant's actions were willful.

14. As a direct result of Defendant's above referenced violation, Defendant is liable for the Plaintiff's actual damages as well as statutory damages, costs and attorney fees pursuant to Chapter 559 of the Florida Statutes. These same complained of actions on the

part of Defendant (including but not limited to paragraphs 8-10) constitute a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1601 generally, and 15 U.S.C. 1692(c), 15 U.S..C. 1692 (d) and is further liable for attorney fees and costs under 15 U.S.C. 1692(k)

s/W. John Gadd
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com