## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WILSON WITCHARD,**

**Plaintiff,**

**v.**                                    **Civil Action No.: 14-cv-01188-JDW-EAJ**

**NCO FINANCIAL SYSTEMS, INC.,**

**Defendant.**

_____/

## PLAINTIFF'S MOTION TO COMPEL *COMPLETE* ANSWERS TO INTERROGATORIES
## AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 3.04 of the U.S. District Court for the Middle District of Florida, hereby moves to compel Defendant to produce complete answers to Plaintiff's interrogatories.

### I. Background Introduction

This is a consumer law case. Plaintiff has alleged that Defendant repeatedly violated federal law by contacting Plaintiff in a manner prohibited by law.

Plaintiff informed Defendant on or about January 27, 2014 that Plaintiff was represented by legal counsel. Though Defendant had knowledge of the same, Defendant continued to contact Plaintiff directly, instead of Plaintiff's attorney, thus violating both state and federal law.

Defendant has denied the illegal conduct, which, according to the very straightforward nature of claims of this variety, make discovery exceedingly important, as factual disputes

abound and it is the factual disputes that will substantially govern the outcome of this case. In addition, Defendant has raised numerous affirmative defenses, which, by definition are items that Defendant has the responsibility of proving.

Pragmatically, Defendant either has facts upon which to base Defendant's affirmative defenses or it does not. Otherwise stated, either Defendant had a good faith basis for raising the eleven affirmative defenses that it placed upon the Court's docket, or, conversely, Defendant did not have a good faith basis and simply threw in the proverbial "kitchen sink" as a force of habit.

Plaintiff brings this motion because Defendant does not appear willing or able to provide a fair response to Plaintiff's interrogatory no. 7, which, as demonstrated below, seeks to discover the factual basis behind the many affirmative defenses raised by Defendant. Plaintiff respectfully argues that, Defendant is not permitted to withhold the factual particulars behind the affirmative defenses that it chose to plead, especially not when Defendant has like wise stated under oath that Defendant's representative has knowledge of these facts. Indeed, if Defendant has a factual basis for raising an affirmative defense, Plaintiff should be entitled to discover said factual basis so that Plaintiff can properly prepare for trial. Defendant's suggestion that Plaintiff is not entitled to discover the factual basis for Defendant's affirmative defenses is contrary to the intent and spirit of the rules of civil procedure and essentially equates to allowing Defendant the benefit of defending their claim and position with "secret evidence". Defendant's expected suggestion that Plaintiff will be forced to depose Defendant's designated representative in order to discover such basic information is not persuasive. In order to prepare this case for trial and in order to properly prepare for the deposition of the designated representative, Plaintiff is entitled to rely upon all discovery

mechanisms provided by Rule 26, including but not limited to interrogatories, requests for admissions and request for production to name a few. Defendant is not in a superior position to Plaintiff and Defendant is not superior to the rules of civil procedure. Likewise, Defendant is not in a position to circumscribe Plaintiff's use of the discovery process nor is Defendant in a position to dictate which discovery mechanisms Plaintiff can use to obtain such routine information.

Accordingly, Plaintiff brings this motion before the court in the hopes of compelling a more complete response to Plaintiff's interrogatory no. 7 and further states as follows:

## II.  Discovery Dispute-Interrogatory No. 7

This motion is brought in reference to Plaintiff's above referenced interrogatories in this case. (Attachment A).  While Defendant did technically provide a response to Plaintiff's interrogatories, Defendant has failed and blatantly refused to provide anything resembling a substantive response in regards to Plaintiff's interrogatory number 7, which means that Defendant has made a decision to obstruct the discovery process in an effort to avoid providing a response to the factual basis behind Defendant's affirmative defenses.  Plaintiff's counsel discussed this matter with Defendant's counsel and conferred in regards to the sufficiency of Defendant's response.  Defendant did provide additional information with respect to some of Defendant's interrogatory answers, yet interrogatory number 7 remains deficient.

## III. Defendant's Failure to Provide Complete Interrogatory Answers.

In Plaintiff's Interrogatories, Plaintiff set forth the following queries and Defendant made the following responses (See Attachment "A"):

**Plaintiff's Interrogatory No. 7:** "With respect to each and every affirmative defense raised by Defendant in its response to Plaintiff's Complaint, state separately for each such

defense any and all factual and legal support for such defense and identify all witnesses who have knowledge of the facts which support such defense(s)."

**Defendant's Response to Interrogatory No. 7**: "Objection. This interrogatory is compound and premature as investigation and discovery are continuing. Subject to and without waiving the aforementioned objections, the affirmative defenses indentified in NCO's answer are intended to preserve NCO's right to rely upon the same to the extent the defenses can be established. ***The following witness have knowledge regarding the facts which support NCO affirmative defense***: Greg Stevens, corporate compliance officer, NCO Financial Systems, Inc., care of counsel for NCO. As discovery and investigation progress, NCO will supplement its response and to the extent required by Federal Rules of Civil Procedure and or scheduling order." (emphasis added).

**Plaintiff's Argument**: With respect to Plaintiff's Interrogatory No. 7 , Defendant's response is simply not responsive in any way, shape or form. First, this case is not exactly new. This case was filed in April 9, 2014. Thus, this case has been going on for well over three months. This case is premised upon a strict liability statute and two particularized statutes. The affirmative defenses raised by Defendant include *failure to state a claim, bona fide error, lack of actual damages, failure to mitigate, lack of legal and proximate liability, statute of limitations/wavier/estoppel, lack of standing* and even a denial as to Defendant's status as a "debt collector", which is a complete curiosity since Defendant specifically introduced themselves to be a "debt collector" when contacting Plaintiff. (See, Attachment B)  If there is a factual basis for *any* of these affirmative defenses, said factual basis would almost certainly be part of Defendant's routine business records and said basis should be easy to identify.  Indeed, Defendant's answer is more notable for what is says that what it does not say.

On the one hand, Defendant suggests that the affirmative defenses were really just raised in the hopes that someday, someway, somehow, facts might arise to support

these defenses, which is contrary to the notion of pleading in good faith and the certifying required by an attorney when placing a pleading on the docket.

On the other hand, Defendant flat out states that Greg Stevens, Defendant's Compliance Officer has factual knowledge of the facts which support the affirmative defenses. Assuming that Defendant's sworn response is true and accurate, Defendant has admitted that at least one of Defendant's representatives has factual information about the facts upon which Defendant's affirmative defenses rest. Yet, Defendant refuses to simply state or otherwise set forth those facts despite having been asked to do so under the rules of civil procedure.

Respectfully, Plaintiff argues that Defendant's alternating positions cannot be academically reconciled. Either Defendant has a factual basis for its affirmative defenses or Defendant does not. It is an affront the discovery process to allow Defendant to essentially take the position that the affirmative defenses are merely decorative in nature and pled in the hopes that some facts might turn up in support there of while simultaneously allowing Defendant to openly admit that also claim that Defendant's compliance officer has the very answers Plaintiff is seeking is an affront to the discovery process.

Simply from a pragmatic point of view if Defendant has facts suggesting that there was indeed a "bona fide error", why should Plaintiff not be able to discover those facts as such may indeed curtail the need for additional litigation? Likewise, should Defendant have facts to support its contention that "plaintiff acquiesced" to the contact, why should Defendant be permitted to not disclose such material facts? Moreover, if "any harm suffered by plaintiff was….caused by persons or entities other than NCO and

were beyond the control or supervision of NCO" and if, indeed, Defendant's representative has knowledge of supporting facts, how can such facts be legitimately withheld under the rules of civil procedure, let alone with regards to all notions of fair play and substantive justice?

Considering the respective burdens, Plaintiff has every right to discover the factual basis behind Defendant's affirmative defenses. To deny Plaintiff a proper responsive answer on this interrogatory is the equivalent of Defendant simply refusing to engage in meaningful discovery and thumbing Defendant's proverbial nose at the entire discovery process. Defendant is well aware that Defendant has raised substantial affirmative defenses, assuming those defenses are supported by fact.

Interrogatory No. 7 goes directly to the heart of the matter and such a denial by a sophisticated Defendant cannot be seriously accepted as mere oversight. Considering the scope of this case as well as the nature of consumer law and the importance of affirmative defenses, the factual basis behind the affirmative defenses is of paramount importance. Indeed, a successful affirmative defense can inoculate a Defendant against a claim. Thus, any plaintiff must take great care and exercise diligence in using the discovery process to unearth the factual realities behind any affirmative defense.

Defendant's denial of Plaintiff's discovery requests robs Plaintiff of fair and full chance to develop his case and also probe the veracity of Defendant's repeated denials and affirmative defenses. Defendant has short-sheeted nearly this interrogatory sought propounded by Plaintiff. Plaintiff is entitled to full and complete responses to these interrogatory question number 7.

### III. SUPPORTING MEMORANDUM OF LAW

Plaintiff's above referenced discovery request are proper as each is well within the bounds of the Federal Rules of Civil Procedure and each request is reasonably calculated to lead to admissible evidence. Fed. R. Civ. Pro., Rule 26. Rule 26(b) addresses the scope and limits of discovery. The rule is clear that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

In this case, the discovery sought by Plaintiff is indeed reasonably and clearly calculated to lead to admissible evidence. This is a consumer law case premised upon unlawful contact on the part of Defendant, with Plaintiff. This case exists only because Defendant alleged a consumer debt against Plaintiff and because Defendant allegedly violated state and federal law by contacting Plaintiff, repeatedly, in Defendant's attempt to collect said debt. For Defendant to suggest that Plaintiff is not entitled to discover anything of value in regards to the affirmative defenses raised by Defendant, is contrary to the intent and purpose of discovery in its entirety and is tantamount to harboring secret evidence.

Plaintiff is clearly entitled to discover the requested information and the objections and refuses to cooperate on the part of Defendant serve only to frustrate the nature and intent of the rules pertaining to discovery.

### IV. Award of Attorney Fees

If the motion is granted under Rule 37, the court shall require the party whose conduct necessitated the motion or the attorney advising such conduct or both of them

to pay the moving party reasonable expenses incurred in making the motion, including attorneys' fees, unless the court finds that the opposing party's objection was substantially justified or that other circumstances make an award of expenses unjust. Rule 37(a)(4)(A), Fed. R. Civ. P. Based on the facts and argument presented in this motion, Defendants 'objections are not substantially justified. There are no circumstances to make an award of expenses unjust. Thus, this Court should order Defendant to pay Plaintiff's reasonable expenses including attorney fees incurred in preparing this motion.[1]

### V. Certificate Pursuant to Local Rule 3.01(g)

Counsel for Plaintiff has consulted with counsel for Defendant pursuant to Local Rule 3.01 (g) and counsel has been unable to agree upon the resolution of this motion.

WHEREFORE, Plaintiff, requests that this Court grant Plaintiff's Motion to Compel Complete Interrogatory Answers to Interrogatory No. 7.

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the original of the foregoing was filed with the Court by using the CM/ECF system, which we will send a notice of electronic filing to: Rachel A. Morris on July 18, 2013.

/s/ W. John Gadd
W. John Gadd
Fl Bar Number 463061
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

---

[1] Plaintiff motion is entirely directed at incomplete answers provided by *Defendant* itself. Defendant is a sophisticated litigant. Plaintiff has a favorable and respectful relationship with Defense Counsel and does not and would not seek to hold liable or fault Defense Counsel, for the incomplete answers or any conceivable attorneys' fee liability.

# ATTACHMENT

# A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WILSON WITCHARD,

               Plaintiff(s),

v.

NCO FINANCIAL SYSTEMS, INC.,

               Defendant(s).

14-CV-01188-JDW-EAJ

## NCO FINANCIAL SYSTEMS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW INTO COURT, through undersigned counsel, comes defendant, NCO Financial Systems, Inc. ("NCO"), which responds to First Set of Interrogatories propounded by plaintiff, Wilson Witchard. NCO objects to the instructions contained in plaintiff's discovery requests as being overbroad and requesting irrelevant and privileged information and documents. NCO reserves the right to supplement its responses to the extent required by the Fed. R. Civ. P. and Scheduling Order. Subject to and without waiving the aforementioned objections, NCO responds to plaintiff's Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

1. Identify with specificity each and every document in the possession of Defendant that references Plaintiff's alleged indebtedness in any way.

**RESPONSE:** Objection. This Interrogatory is vague, overbroad, and unduly burdensome. Subject to and without waiving the aforementioned objections, see documents produced, NCO 000001 – NCO 000022. As discovery is ongoing, NCO reserves the right to supplement is response to this Interrogatory as required by the Fed. R. Civ. P. and Scheduling Order.

2. With respect to your current or former employees, please identify all individual(s) who, for the three year period preceding the filing of this lawsuit, were responsible for maintaining, or who participated in the maintenance of, the records of: ANY RECORDS PERTAINING TO PLAINTIFF in any way.

**RESPONSE:** Objection. This Interrogatory is vague and overboard. Subject to and without waiving the aforementioned objection, Greg Stevens, corporate compliance officer, care of counsel for NCO.

3. State with specificity and in detail the time, form of any document relied upon by Defendant to suggest that Plaintiff owes any money to defendant.

**RESPONSE:** Objection. This Interrogatory is vague, overboard, and seeks information in the possession of plaintiff's creditors and not NCO. Subject to and without waiving the aforementioned objection, see documents produced, NCO 000001 – NCO 000013.

4. State with specificity and in detail the terms of all agreements between Defendant and the principal of this alleged debt.

**RESPONSE:** Objection. This Interrogatory is vague, overbroad and seeks confidential and proprietary information. Subject to and without waiving the aforementioned objections, see documents produced, NCO 000001 – NCO 000022. Account number 23636942 was placed with NCO for collection by NCO's client, Edward White Hospital. Account number 37446192 was placed with NCO for collection by NCO's client, the Florida Department of Economic Opportunity. NCO does not own either account.

5. State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person which in any way concerns the facts of this case or the matters alleged in your pleadings.
   (a) If your answer is in the affirmative, separately identify the author of each such statement, report, memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided, the present location and custodian of each such statement, report memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

**RESPONSE:** Objection. This Interrogatory calls for information subject to the work product and/or attorney client privilege. Subject to and without waiving the aforementioned objections, none.

6. Please identify all employees of Defendant (including former employees), who had any access to/with the account(s) of Plaintiff and/or whom have had any contact, direct or otherwise, with Plaintiff.

**RESPONSE:** Objection. This Interrogatory is compound, vague, overbroad, and unduly burdensome. Subject to and without waiving the aforementioned objections, Cathy Burgard, Horsham, PA; Christopher Seaton, Richardson, TX; Dana Alexander, Horsham, PA; Michael Napolitan, Richardson, TX; Ashley Rodriguez, Dublin, OH; George Cunningham, Dublin, OH; Terran Hill, Dublin, OH; Kimberly Shaw, Dublin, OH; Shawn Siva, Dublin, OH; Domonique Alston, Dublin, OH; Beverly Estep, Dublin, OH; Samantha Mollette, Dublin, OH; Romunn Grigsby, Dublin, OH; Sharrice Stallings, Dublin, OH; Dawn Poley, Horsham, PA; Tywanna Neal, Horsham PA. All may be contacted care of counsel for NCO.

7. With respect to each and every affirmative defense raised by Defendant in its response to Plaintiff's Complaint, state separately for each such defense any and all factual and legal support for such defense and identify all witnesses who have knowledge of the facts which support such defense(s).

**RESPONSE:** Objection. This Interrogatory is compound and premature as investigation and discovery are continuing. Subject to and without waiving the aforementioned objections, the affirmative defenses identified in NCO's answer are intended to preserve NCO's right to rely on the same to the extent the defenses can be established. The following witnesses have knowledge of the facts which support NCO's affirmative defenses: Greg Stevens, corporate compliance officer, NCO Financial Systems, Inc., care of counsel for NCO. As discovery and investigations progress, NCO will supplement its response when and to the extent required by Federal Rules of Civil Procedure and/or scheduling order.

8. Identify any and all non-privileged documents upon which Defendant relied in answering each of the above Interrogatories, and for each such document identified, please provide the Interrogatory Number that such document relates to.

**RESPONSE:** See Responses to Interrogatories and documents produced, NCO 000001 – NCO 000022.

Dated:  July 7, 2014

Respectfully submitted,

Rachel A. Morris, Esq.
Florida Bar No.: 0091498
Dayle M. Van Hoose, Esq.
Florida Bar No.: 016277

3

Sessions, Fishman, Nathan & Israel, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:   (813) 890-2469
Facsimile:   (866) 466-3140
Email: ramorris@sessions-law.biz
Email: dvanhoose@sessions-law.biz
*Attorneys for Defendant,*
*NCO Financial Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 7, 2014, a copy of **NCO FINANCIAL SYSTEMS, INC.'s**

**Responses to Plaintiff's First Set of Interrogatories** was served via electronic and U.S.

regular mail upon counsel at the below address:

W. John Gadd, Esq.
Attorney at Law
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL  33762
Email: wjg@mazgadd.om
*Counsel for Plaintiff*

Rachel A. Morris, Esq.
*Attorney for Defendant,*
*NCO Financial Systems, Inc.*

\\sfnfs02\prolawdocs\6947\6947-33347\Witchard, Wilson\1410043.docx

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILSON WITCHARD,

Plaintiff,

v.                                          Civil Action No.: 14-cv-01188-JDW-EAJ

NCO FINANCIAL SYSTEMS, INC.,

Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL *COMPLETE* ANSWERS TO INTERROGATORIES AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 3.04 of the U.S. District Court for the Middle District of Florida, hereby moves to compel Defendant to produce complete answers to Plaintiff's interrogatories.

### I. Background Introduction

This is a consumer law case. Plaintiff has alleged that Defendant repeatedly violated federal law by contacting Plaintiff in a manner prohibited by law.

Plaintiff informed Defendant on or about January 27, 2014 that Plaintiff was represented by legal counsel. Though Defendant had knowledge of the same, Defendant continued to contact Plaintiff directly, instead of Plaintiff's attorney, thus violating both state and federal law.

Defendant has denied the illegal conduct, which, according to the very straightforward nature of claims of this variety, make discovery exceedingly important, as factual disputes

abound and it is the factual disputes that will substantially govern the outcome of this case. In addition, Defendant has raised numerous affirmative defenses, which, by definition are items that Defendant has the responsibility of proving.

Pragmatically, Defendant either has facts upon which to base Defendant's affirmative defenses or it does not. Otherwise stated, either Defendant had a good faith basis for raising the eleven affirmative defenses that it placed upon the Court's docket, or, conversely, Defendant did not have a good faith basis and simply threw in the proverbial "kitchen sink" as a force of habit.

Plaintiff brings this motion because Defendant does not appear willing or able to provide a fair response to Plaintiff's interrogatory no. 7, which, as demonstrated below, seeks to discover the factual basis behind the many affirmative defenses raised by Defendant. Plaintiff respectfully argues that, Defendant is not permitted to withhold the factual particulars behind the affirmative defenses that it chose to plead, especially not when Defendant has like wise stated under oath that Defendant's representative has knowledge of these facts. Indeed, if Defendant has a factual basis for raising an affirmative defense, Plaintiff should be entitled to discover said factual basis so that Plaintiff can properly prepare for trial. Defendant's suggestion that Plaintiff is not entitled to discover the factual basis for Defendant's affirmative defenses is contrary to the intent and spirit of the rules of civil procedure and essentially equates to allowing Defendant the benefit of defending their claim and position with "secret evidence". Defendant's expected suggestion that Plaintiff will be forced to depose Defendant's designated representative in order to discover such basic information is not persuasive. In order to prepare this case for trial and in order to properly prepare for the deposition of the designated representative, Plaintiff is entitled to rely upon all discovery

mechanisms provided by Rule 26, including but not limited to interrogatories, requests for admissions and request for production to name a few. Defendant is not in a superior position to Plaintiff and Defendant is not superior to the rules of civil procedure. Likewise, Defendant is not in a position to circumscribe Plaintiff's use of the discovery process nor is Defendant in a position to dictate which discovery mechanisms Plaintiff can use to obtain such routine information.

Accordingly, Plaintiff brings this motion before the court in the hopes of compelling a more complete response to Plaintiff's interrogatory no. 7 and further states as follows:

## II. Discovery Dispute-Interrogatory No. 7

This motion is brought in reference to Plaintiff's above referenced interrogatories in this case. (Attachment A). While Defendant did technically provide a response to Plaintiff's interrogatories, Defendant has failed and blatantly refused to provide anything resembling a substantive response in regards to Plaintiff's interrogatory number 7, which means that Defendant has made a decision to obstruct the discovery process in an effort to avoid providing a response to the factual basis behind Defendant's affirmative defenses. Plaintiff's counsel discussed this matter with Defendant's counsel and conferred in regards to the sufficiency of Defendant's response. Defendant did provide additional information with respect to some of Defendant's interrogatory answers, yet interrogatory number 7 remains deficient.

## III. Defendant's Failure to Provide Complete Interrogatory Answers.

In Plaintiff's Interrogatories, Plaintiff set forth the following queries and Defendant made the following responses (See Attachment "A"):

**Plaintiff's Interrogatory No. 7:** "With respect to each and every affirmative defense raised by Defendant in its response to Plaintiff's Complaint, state separately for each such

3

# ATTACHMENT

# B

NCO

NCO Financial Systems, Inc., PO Box 15630, Wilmington DE 19850
(800) 550-9619
Office Hours: Mon-Thu 8am-9pm ET, Fri 8am-5pm ET, Sat 8am-12noon ET

2/21/2014

WILSON WITCHARD
1139 40 ST S APT E
ST. PETERSBURG, FL 33711

Dear WILSON WITCHARD:

Thank you for your recent communication.  I can assure you that we are committed to assisting you; however, we have been unable to locate the matter you have referenced from the information we have been provided.  Please provide us with further identifying information such as your social security number, the name of the original creditor, the creditor's account number and/or reference number and the billing address of the account.  A copy of any correspondence you may have received from us would also be of assistance.  Kindly contact me at the above address with this information.

Thank you for your anticipated cooperation regarding this request.

Very truly yours,

Tywanna Neal
Director, Consumer Affairs

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Calls to or from NCO Financial Systems, Inc. may be monitored or recorded for quality assurance.